IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARJAM SUPPLY CO. OF FLORIDA, LLC, ET AL. | : : : | |
| | : | CIVIL ACTION |
| v. | : : | NO. 17-MC-102 |
| PLITEQ, INC., ET AL. | : | |

**MEMORANDUM**

**SURRICK, J.**                                              **AUGUST 4, 2017**

     Presently before the Court is Defendant Paul Downey's ("Downey") Motion to Compel Ecore International, Inc.'s ("Ecore") Compliance With Subpoena to Produce Documents (ECF No. 2), and non-party Arthur Dodge, III's ("Dodge") Motion to Quash the Subpoena Compelling His Deposition. (ECF No. 12.) For the reasons that follow, Downey's Motion to Compel will be remitted to the United States District Court for the Southern District of Florida, and Dodge's Motion to Quash will be denied.

**I.    BACKGROUND**

     On November 1, 2011, Ecore filed a Complaint—and later filed an Amended Complaint—against Downey and Pliteq, Inc. ("Pliteq") in the United States District Court for the Eastern District of Pennsylvania. ("Pennsylvania Litigation," Am. Compl., Case No. 11-6843, ECF No. 1.) On August 22 and 23, 2016, Arthur Dodge provided Pliteq with a two-day deposition in the Pennsylvania Litigation. (Mot. to Quash 3.) At the deposition, Dodge testified in both his individual capacity, and as an Ecore corporate designee. (*Id.*) He testified with regard to matters related to the Marjam Litigation, as well as Ecore and Dodge's relationship with Marjam. (*Id.* at 3-4.)

On November 24, 2015, Marjam Supply Company of Florida, LLC and Marjam Supply Company filed a Complaint in the United States District Court for the Southern District of Florida against Pliteq, Inc., Downey, and Ultimate RB, Inc. ("Florida Litigation," Case No. 15-24363, Marjam Compl., Ex. A, ECF No. 12.)  On February 29, 2016, Defendants filed an Answer and Counterclaims to Marjam's Complaint.  (Florida Litigation Answer and Counterclaims, Ex. B, ECF No. 12.)  On March 8, 2017, Pliteq served a subpoena on Ecore to produce:  (1) nine documents previously produced in the Pennsylvania Action that are relevant to the Marjam Action; and (2) relevant responsive documents in limited categories that post-date Ecore's final production in the Pennsylvania Action.  (Mot. to Compel 2.)  On March 29, 2017, Ecore responded to the subpoena with objections.  (Mot. to Compel, Ex. B.)  Pliteq replied and agreed to limit the subpoena to:  (1) eleven documents produced in the Pennsylvania Action; and (2) any additional communications between Dodge and Marjam's product manager, Jim Metcalf, related to the four categories listed in the subpoena.  (May 2, 2017 Pliteq Ltr. to Ecore, Ex. C, Mot. to Compel.)  The parties could not resolve their outstanding discovery disputes following their May 19, 2017 Meet and Confer.  (*Id.* at 4.)  Accordingly, on June 27, 2017, Downey and Pliteq filed the instant Motion to Compel Ecore's Compliance with Subpoena to Produce Documents relevant to the Marjam Action in the Southern District of Florida.  (Case No. 17-MC-102, ECF No. 2.)  In addition, Defendants served Dodge with a Subpoena to Testify at a Deposition in a Civil Action, the deposition being on August 7, 2017, only three days before the August 10, 2017 discovery deadline imposed by the Southern District of Florida.  Although both subpoenas were issued by the Southern District of Florida, the Motion to Compel and the Motion to Quash were filed in the Eastern District of Pennsylvania.

## II.     LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit. *See also* Fed. R. Civ. P. 34(c) ("A person not a party to the action may be compelled to produce documents . . . as provided in Rule 45."). When a nonparty receives a subpoena to which it objects, it has several options, including: file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A), or seek a protective order pursuant to Fed. R. Civ. P. 26(c). *See, e.g.*, *Frank Brunckhorst Co. v. Ihm*, No. 12-0217, 2012 WL 4963757, at *5 (E.D. Pa. Oct. 18, 2012) (citing *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1322-23 (Fed. Cir. 1990) (outlining options)).

Rule 45 states that "a subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). In addition, Courts have held that "any controversies regarding the production of documents from nonparty witnesses shall be decided in the court which issued the subpoena, unless the nonparty consents to determination elsewhere." *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 380-81 (W.D. Pa. 2005) (citing *Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990)). This Court has recognized that "[t]he language of Rule 45 clearly contemplates that the court enforcing a subpoena will be the court that issued the subpoena." *Frank Brunckhorst Co. v. Ihm*, No. 12-0217, 2012 WL 4963757, at *3 (E.D. Pa. Oct. 18, 2012). In *Frank Brunckhorst Co.*, the Court observed that "[a] number of courts have either transferred disputes concerning nonparty subpoenas to the district possessing the underlying action or commented on the appropriateness of doing so." *Id.* at *5. *See, e.g.*, *Stanziale v. Pepper Hamilton LLP*, No. M8-85, 2007 WL 473703, at *3 (S.D.N.Y. Feb. 9, 2007); *see also In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (finding that the court that issued deposition subpoenas pursuant to Rule 45 may remit consideration of objections to court where

underlying case is pending); *Peterson v. Douglas Cnty. Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991) (holding that transfer of motion to quash nonparty subpoena was proper, and stating that "[t]he absence of any language in Rule 45(d) prohibiting transfer of a motion to quash, coupled with this permissive language [in Rule 26] regarding transfer of motions for protective orders which refers to Rule 45 deponents as well as to parties, is enough to validate the [transfer] action . . . .") (citation omitted); *United States v. Star Scientific*, 205 F. Supp. 2d 482, 488 (D. Md. 2002) (transferring motion to compel compliance with subpoena *duces tecum* "because the [district court conducting the underlying litigation] is better position[ed] to evaluate claims of confidentiality, undue burden, and relevancy involved in this discovery dispute given the complexity and scope of the underlying litigation"); *Smithkline Beecham Corp. v. Synthon Pharm. Ltd.,* 210 F.R.D. 163, 169 n.7 (M.D.N.C. 2002) ( "The third-party subpoena route has the added benefit of allowing the court in which the main litigation is pending to make the ruling. This may be particularly appropriate when relevancy of the discovery is a significant issue. . . . The court in which the litigation is pending will be in a better position to decide relevancy issues."); *Devlin v. Transp. Comm. Int'l Union*, No. 95-0742, 2000 WL 249286, at *1 (S.D.N.Y. Mar. 6, 2000) ("There is substantial support in the caselaw, among the commentators, and in the Advisory Committee Note to Rule 26(c) of the Federal Rules of Civil Procedure for the proposition that the court from which a subpoena has issued has the authority to transfer any motion to quash or for a protective order to the court in which the action is pending.").

## III. DISCUSSION

While the Third Circuit has explicitly addressed whether there is an affirmative obligation to transfer a motion to quash, and notwithstanding the legal precedent addressed

4

above, a court in the Southern District of Texas summarized the current state of the law as follows:

> Courts have disagreed about whether an issuing court has authority to transfer a motion to quash to the court presiding over the case. Some courts have interpreted Rule 45 as "offer[ing] no authorization to transfer a motion to quash and seem[ing] at least implicitly to forbid it." *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998); *see also In re Orthopedic Bone Screw Prod. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir. 1996) (rejecting transfer of discovery disputes); *Prosonic Corp. v. Baker*, No. 08-007, 2008 WL 1766887, at *1-2 (S.D. Ohio Apr. 7, 2008) ("It is clear that this Court cannot shirk its responsibility to decide issues arising from the service of a subpoena . . . simply by transferring the proceedings to the court in which the underlying litigation is pending."). Other courts have upheld an issuing court's authority to transfer a discovery motion to the district where the underlying litigation is pending. *See, e.g.*, *In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (stating that court issuing subpoenas pursuant to Rule 45 may remit consideration of objections to court where underlying case is pending); *Petersen v. Douglans County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991) (finding nothing improper where the court issuing the subpoena transferred a motion to compel to district with jurisdiction over underlying litigation) . . . .
>
> The text of Rule 45 does not offer secure support for an issuing court to transfer a motion to quash or compel subpoenas to another court, even if the underlying action is pending in that court and the motion is closely related to the substance of the pending action. As the D.C. Circuit observed, the text of Rule 45, "suggests that only the issuing court has the power to act on its subpoenas." *In re Sealed Case*, 141 F.3d at 341. In addition to questions of authority under the Rules, there are issues of personal jurisdiction that arise in addressing subpoenas in distant districts. Under the current rules, even if separating the motions to quash from the rest of the action is not the most efficient approach, "Congress in the Rules has clearly been ready to sacrifice some efficiency in return for territorial protection for nonparties." *Id.* at 342 . . . . For this reason, many courts have found transfer appropriate only when the party opposing the subpoena has consented to the transfer or otherwise expressly submitted to the jurisdiction of that court. (citations omitted.)

*Dow Chem. Can., Inc. v. HRD Corp.*, No. 10-0138-0144, 2010 WL 2680641 (S.D. Tex. July 2, 2010); *see also Luppino v. Mercedes-Benz Fin. Servs. USA, LLC*, No. 13-50212, 2013 WL 1844075, at *4-5 (E.D. Mich. Apr. 11, 2013), *report and recommendation adopted*, No. 13-50212, 2013 WL 1844073 (E.D. Mich. Apr. 30, 2013) (same).

### A. Motion to Compel

Defendants' Notice of Subpoena to Produce Documents, Information, or Objections to Ecore was issued on March 8, 2017 by the United States District Court for the Southern District of Florida. (Case No. 17-MC-102, Ex. A, ECF No. 2.) The subpoena directed the document inspection to occur at the Offices of Conrad O'Brien, 1500 Market Street, Philadelphia, PA 19102. (*Id.*) This address is located within the jurisdiction of the Eastern District of Pennsylvania.

We lack jurisdiction to rule on Defendants' Motion to Compel. *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, No. 07-1294, 2008 WL 728370, at *1 (W.D. Pa. Mar. 18, 2008) (denying for lack of jurisdiction expedited Motion to Compel where subpoena duces tecum to the non-party was issued by the United States District Court for the Eastern District of Tennessee, and where the Western District of Pennsylvania received no notice that the non-party consented to the dispute being resolved in that Court). There has clearly been no consent to resolve this discovery dispute in this Court. Neither party has submitted briefing, which suggests such consent, nor has the Court received correspondence or a request for permission to file supplemental briefing to directly address this.

Therefore, since we are not the Court that issued the subpoena duces tecum, or the Court overseeing this litigation, and because Dodge has not consented to resolution of the subpoena by this Court, we lack jurisdiction to resolve this discovery matter. We will transfer the instant discovery dispute to the United States District Court for the Southern District of Florida.

### B. Dodge's Motion to Quash

With regard to Dodge's Motion to Quash, Dodge argues that Pliteq and Downey have already deposed Dodge, and that Dodge's two-day deposition on August 22-23, 2016 provided

Defendants' counsel with "significant information" with regard to Ecore's relationship to Marjam. (Mot. to Quash 3, Case No. 17-MC-00102, ECF No. 12.) Dodge contends that Defendants are not entitled to a "third bite at the apple" to depose Dodge. (*Id.* at 5.) Dodge further contends that Defendants' attempt to re-depose Dodge violates their obligation under Federal Rule of Civil Procedure 45 "to take reasonable steps to avoid imposing undue burden and expense on Mr. Dodge," (*id.* at 4), and to "protect[] parties and non-parties from whom discovery is sought from annoyance, embarrassment, oppression, or undue burden or expense" under Federal Rule 26(c). (*Id.* at 5.) Specifically, Dodge claims that "[t]hroughout the Pennsylvania Litigation, Defendants have harassed and inconvenienced Mr. Dodge and his company, Ecore. . . . Even if Defendants are able to demonstrate Mr. Dodge's deposition will produce relevant evidence for the Florida Litigation, there is no need for a third deposition to obtain such information." (*Id.* at 7) (emphasis omitted). Finally, Dodge contends that "Defendants' failure to seek the deposition of Mr. Dodge earlier in the Florida Litigation also demonstrates that Defendants do not need his deposition." (*Id.*)

It is true that Dodge was deposed on August 22 and 23, 2016, during which he was asked about the Marjam litigation. (*Id.* at 4.) However, the simple fact remains that while Defendants deposed Dodge over two days in the Pennsylvania Litigation with regard to Marjam, he has never been deposed in the Florida litigation. Although some of the questioning of Dodge at the deposition may duplicate his August 22-23, 2016 deposition, Defendants' deposition of Dodge is not vexatious, overly burdensome, and does not violate Defendants' obligations under Federal Rules of Civil Procedure 26 or 45.

Accordingly, Defendants will be permitted to depose Dodge, and his Motion to Quash will be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Quash is denied and Downey's Motion to Compel will be remitted to the United States District Court for the Southern District of Florida.

**BY THE COURT:**

**/s/ R. Barclay Surrick**
**U.S. District Judge**